UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald M. Tyler & Dale K. Lueck,

       Plaintiffs,

v.                                                                                          Civil No. 10-1161 (JNE/LIB)
                                                                                                                  ORDER

Secretary Interior Ken Salazar in his official
capacity as Secretary of the Interior, U.S. Fish
and Wildlife Service, and Rowan Gould in his
official capacity as Acting Director, U.S. Fish
and Wildlife Service,

       Defendants.

       This case is before the Court on a Report and Recommendation issued by the Honorable Leo I. Brisbois, United States Magistrate Judge, on June 27, 2012. The magistrate judge recommended that Plaintiffs' Motion for Attorneys' Fees be denied and that Plaintiffs' Substituted Motion to Supplement Record of Motion for Costs and Fees be denied as moot. Plaintiffs objected and Defendants responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation [Docket No. 154].

       Setting aside the question of whether attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), or the Endangered Species Act (ESA), 16 U.S.C. § 1540(g)(4), are available to pro se plaintiffs, the Court agrees with the magistrate judge that based on the facts in this case, these Plaintiffs are not entitled to such fees. As discussed in the well-reasoned Report and Recommendation, Plaintiffs were not a "prevailing party," nor were they a catalyst that prompted the Defendants' actions. Plaintiffs sought to have the Defendants delist the Western Great Lakes distinct population segment (WGL DPS) gray wolf from the ESA's list of threatened and endangered species. Ultimately, Defendants did issue a final rule

that delisted the wolves. But, as thoroughly articulated in the Report and Recommendation, Defendants did not take this action *because* of Plaintiff's lawsuit. Rather, Defendants had voluntarily and independently been attempting to delist the gray wolves for years prior to the initiation of this lawsuit. The Court agrees with the magistrate judge that "the Plaintiffs' present lawsuit was not a significant or important catalyzing factor in the 2011 delisting."

Based on the files, records, and proceedings herein, and for the reasons articulated in the Report and Recommendation, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Attorneys' Fees [Docket No. 112] is DENIED.

2. Plaintiff's Substituted Motion to Supplement Record of Motion for Costs and Fees [Docket No. 151] is DENIED AS MOOT.

Dated: July 31, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge